2:07CR69

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

SEALED

UNITED STATES OF AMERICA    )
                            )
            v.              )    CRIMINAL NO. 2:07 MJ 40
                            )
TIMOTHY NATHANIEL FRAZIER    )

## OPINION AND ORDER OF DETENTION

At the April 6, 2007 initial appearance, the government requested that the defendant, Timothy Frazier, be held without bond.   A detention hearing was conducted on April 10, 2007, and the court now makes the following findings of fact:

1. The defendant currently is charged in a one count criminal complaint with a violation of 21 U.S.C. §841(a)(1).   If convicted, the defendant faces a maximum sentence of 20 years imprisonment.

2.  At the detention hearing, the government proffered evidence to supplement the probable cause affidavit and the pretrial report.  The defendant called his mother, Diane Williams, as a witness.

3.  Between March 6, 2007 and April 3, 2007, a confidential informant made four controlled buys of crack cocaine from the defendant.

4.  On April 4, 2007, federal agents executed a search warrant at the defendant's residence, 500 E. 48th Avenue, Gary. The agents recovered 14.8 grams of crack cocaine, $1,372.00 in United States currency, a $1,765.00 cashier's check, a rifle, and an assault rifle with ammunition.



5.   In the prebond report, the defendant admitted using marijuana on a regular basis.

6.   The defendant has an extensive criminal record:

A.   On February 23, 1999, the defendant was convicted of possession of controlled substance and received a six year prison sentence.

B.   On October 20, 2005, the defendant was convicted of resisting law enforcement and received a suspended sentence.

C.   On September 7, 2006, the defendant was arrested for driving while suspended. His next scheduled court appearance is May 10, 2007.

The defendant has a suspended driver's license and has been arrested on two other occasions for driving while suspended and two other occasions for resisting law enforcement.

7.   The defendant's mother purchases old homes to remodel and rent.  The defendant and his brother work in his mother's business.

Under 18 U.S.C. §3142(e), a rebuttable presumption exists that a defendant is a danger to the community if he is charged with a narcotics offense where the penalty is at least ten years imprisonment.  An individual who is in possession of both narcotics and a firearm is a danger to the community. ***United States v. Singer***, 943 F.2d 758, 762-63 (7th Cir. 1991).  In ***United States v. Anderson***, 72 F.3d 563 (7th Cir. 1995), Circuit Judge Daniel Manion stated in a concurring opinion:

> Illegal drugs such as cocaine, the product
> Anderson chose to sell, are dangerous, addic-
> tive, and destructive to the user.  Sellers
> viciously fight over customers and selling

2

> territory.  We have consistently held that
> guns are typical tools of this dangerous
> trade.  In short, while "not all drug offens-
> es are violent," the drug trade and culture
> are inherently violent.  Users will rob and
> maim to obtain money for their next purchase.
> Street sellers and large quantity distribu-
> tors alike inflict wanton violence upon com-
> petitors and traitors.

72 F.3d at 567

*See also* ***United States v. Thompson***, 286 F.3d 950, 960 (7th Cir.

2002) (The Court of Appeals commented on the relationship between

weapons and narcotics trafficking because "of the violent nature

of the drug business"); ***United States v. Johnson***, 170 F.3d 708,

719 (7th Cir. 1999) ("No one disputes that drugs are a scourge on

society, especially on the lives of those who live in the midst

of the dangerous drug culture"); ***United States v. Stowe***, 100 F.3d

494, 499 (7th Cir. 1996) ("drug dealing is a crime infused with

violence").

Frazier is charged with distributing crack cocaine.  In

***United States v. Lawrence***, 951 F.2d 751 (7th Cir. 1991), the

Court of Appeals stated:

> Drug use is a cancer that threatens society,
> particularly in the form of increased crimi-
> nal activity.  The highly addictive nature of
> crack, its growing availability, and relative
> low cost all serve to increase the risks
> associated with its use.

951 F.2d at 755

*See also* ***United States v. Thornton***, 197 F.3d 241, 246 (7th Cir.

1999) ("The drug of choice is invariably cocaine, often in its

most addictive form as crack"); ***United States v. Robinson***, 164

F.3d 1068, 1071 n.1 (7th Cir. 1999)(the Court of Appeals noted

3

that "the testimony at trial clearly established that [the defendant] distributed crack, not some less devastating species of cocaine"); *United States v. Booker*, 70 F.3d 488, 494 n.24 (7th Cir. 1995) ("more violence is associated with the distribution of crack than powder cocaine (often because the crack market attracts younger, presumably more crime-prone sellers.)") (internal quotation marks omitted); *United States v. Jones*, 54 F.3d 1285, 1294 (7th Cir. 1995) (expressing concern "about the heightened addictiveness and dangerousness of cocaine base as compared to ordinary cocaine").

The government has demonstrated by clear and convincing evidence that the defendant is a danger to the community and "that no condition or combination of conditions will reasonably assure . . . the safety of . . . the community . . . ." Section 3142(e) In addition to four controlled buys of crack cocaine, federal agents found 14.8 grams of crack cocaine, a rifle, and an assault weapon in the defendant's house. The defendant was on bond for driving while suspended during these controlled buys. The defendant also has a prior felony conviction.

The defendant has admitted to using marijuana on a regular basis. *See generally United States v. Raimondi*, 159 F.3d 1095, 1100 n.11 (7th Cir. 1998) (*quoting* the Policy Statement from Section 5H1.4 of the Sentencing Guideline which provides that "[s]ubstance abuse is highly correlated to an increased propensity to commit crime"). Under all of the circumstances, it is

4

unlikely that the Probation Department could effectively monitor the defendant if released on bond.

The government's motion for pretrial detention is **GRANTED**, and the defendant is **ORDERED HELD WITHOUT BOND**.  18 U.S.C. §3142(e)

Pursuant to 18 U.S.C. §3142(i), it is further **ORDERED** that:

A.   The defendant shall be committed to the custody of the Attorney General for confinement to a corrections facility separate, to the extent practicable, from persons who are confined after a conviction;

B.   The defendant shall be afforded reasonable opportunities for private consultation with his attorney; and

C.   The defendant shall be delivered to the custody of the United States Marshal when the appearance of each defendant for any court proceeding is required.

ENTERED this 17th day of April, 2007

s/ Andrew P. Rodovich
United States Magistrate Judge

5